# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: February 3, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| JAMES DUNN, | * | |
| | * | UNPUBLISHED |
| Petitioner, | * | |
| v. | * | No. 16-1506V |
| | * | |
| SECRETARY OF HEALTH | * | Special Master Dorsey |
| AND HUMAN SERVICES, | * | |
| | * | Interim Attorneys' Fees and Costs |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Jeffery A. Golvash, Esq., Golvash & Epstein, LLC, Pittsburgh, PA, for petitioner.
Darryl Wishard, Esq., U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]**

On November 14, 2016, James Dunn ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that he received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on December 2, 2014, and thereafter developed meningoencephalitis. Petition ("Pet.") (ECF No. 1).

On January 25, 2020, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney and paralegal who worked on his case. Petitioner's

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Motion ("Pet. Mot.") dated Jan. 25, 2020 (ECF No. 77).  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $68,726.00
**Attorneys' Costs** – $12,695.02

Petitioner thus requests a total of $81,421.02.  Respondent filed his response on January 27, 2020, stating that he "respectfully recommends that the Special Master exercise discretion and determine a reasonable award."  Respondent's Response dated Jan. 27, 2020 (ECF No. 78) at 4.  Petitioner did not file a Reply.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned GRANTS petitioner's motion in part and awards **$80,278.02** in attorneys' fees and costs.

   **I.  Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith  and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Over the past four years, petitioner's counsel has expended significant time and resources to advance this claim.  An entitlement hearing was held in June of 2019.  The decision is currently pending.  Moreover, the claim appears at this point to have been brought in good faith and built on a reasonable basis.  The undersigned thus finds that an award of interim attorneys' fees and costs is appropriate here.

   **A.     Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rate

Here, petitioner requests the following hourly rates for the attorney and paralegal who worked on this matter:

**Jeffery Golvash – Attorney**
    2015: $300.00
    2016: $300.00/$350.00
    2017: $300.00/$350.00/$245.00
    2018: $300.00/$350.00
    2019: $350.00

**KAM – Paralegal**
    2015-2019: $130.00

The Court has previously held that Mr. Golvash's rates for 2014-2019 are reasonable. Petitioner's counsel has been awarded a $300.00 hourly rate in the years 2015-2018. See Homick v. Sec'y of Health & Human Servs., No. 15-1529V, 2018 WL 3991376, at *13 (Fed. Cl. June 26, 2018)("Petitioners request an hourly rate of $300.00 per hour for work performed by Mr. Golvash from 2014 to 2017."), see also Sokol v. Sec'y of Health & Human Servs., No. 16-1631V, 2019 WL 4723836, at *3 (Fed. Cl. Aug. 28, 2019). Mr. Golvash has also previously been awarded an hourly rate of $350.00 for 2019. See Sokol at *3 ("In 2019, Mr. Golvash had 19 years of experience in practice and his $350 hourly rate therefore falls within the rates

approved for attorneys with 11–19 years of experience."). Therefore, the undersigned finds these rates to be reasonable.

The undersigned also finds, however, that Mr. Golvash's hourly rate throughout his bill is inconsistent in many places with the rates the Court has previously found reasonable. Pet. Mot. Ex. A at 1-27. In the charges listed for 2016, Mr. Golvash consistently billed $300.00 hourly rate, except on 1.26.2016 and 11.16.2016 when he billed an hourly rate of $350.00. Mr. Golvash billed similar inconsistent rates in 2017 and 2018.[3]

The hourly rates of $350.00 and $245.00 that Mr. Golvash charged for 2016, 2017, and 2018, will be changed to consistently reflect a $300.00 hourly rate. Therefore, Mr. Golvash's request for fees shall be reduced by $235.00 for 2016, $144.00 for 2017, and $270.00 for 2018, for a total reduction of $649.00.

Furthermore, the undersigned finds that the rates requested by Mr. Golvash's paralegal are reasonable. The Court has previously held that Mr. Golvash's paralegal's rates for 2014-2019 are reasonable. See, e.g., Homick, 2018 WL 3991376; Koebler v. Sec'y of Health & Human Servs., 2018 WL 5276580, at *1 (Fed. Cl. Spec. Mstr. Sept. 7, 2018); Sokol, 2019 WL 4723836. Additionally, his paralegal's rate remained unchanged and is thus reasonable.

### ii. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521.

The undersigned finds Mr. Golvash's time entries are appropriate for an attorney and the number of hours billed are reasonable.

The undersigned does not make the same finding for Mr. Golvash's paralegal. Although most tasks are appropriate for a paralegal, Mr. Golvash's paralegal has billed time for clerical work. Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates."). Clerical and administrative work includes tasks such as setting up meetings, reviewing invoices, and filing documents, "for which neither an attorney nor a paralegal should charge." Hoskins v. Sec'y of Health & Human Servs., No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); see also Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 WL 1344623, at *13–14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical/secretarial in nature. Examples include scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF

---

[3] 2017 billing dates at the rate of $350.00 include: March 9; May 2, 4, 22; August 24; September 27, 29; and October 2. On August 22 there was a bill at the hourly rate of $245.00.

2018 billing dates at the rate of $350.00 include: February 26; September 14, 28; August 7, 12; and October 15, 22.

4

system."); Silver v. Sec'y of Health & Human Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Therefore, the hours Mr. Golvash's paralegal charged for clerical work will not be compensated, resulting in a reduction of $494.00.[4]

Accordingly, taking into account the fee reductions described above, petitioner is awarded attorneys' fees in the amount of $67,583.00, which represents a reduction of $649.00 for Mr. Golvash's adjusted hourly rate and a reduction of $494.00 for clerical billing.

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested $12,695.02 in attorneys' costs, consisting of acquiring medical records, ordering court transcripts, paying the court filing fee, and acquiring the services for one expert. Pet. Mot. Ex. A at 16-17. The undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

Petitioner's counsel also states that while represented by counsel, petitioner did not incur costs related to the litigation of this matter. Pet. General Order #9 (ECF No. 76).

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 68,726.00 |
| Awarded Attorneys' Fees: | $ 67,583.00 |
| Requested Attorneys' Costs: | $ 12,695.02 |
| Awarded Attorneys' Costs: | $ 12,695.02 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 80,278.02** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $80,278.02, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Jeffery A. Golvash.**

---

[4] Reductions include: $130.00 on 1.8.17, $39.00 on 5.3.17, $130.00 on 1.8.18, $78.00 on 5.17.18, $65.00 on 10.11.18, $65.00 on 4.25.19, and $65.00 5.24.19. All work reduced from the overall bill included numbering and scanning medical records, and scanning and numbering exhibits.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.